**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0896-15T2
                    A-1844-17T2

ALAN VINEGRAD,

     Plaintiff-Appellant,

v.

DOUGLAS MILLER, BETH
MILLER, and THE TOWNSHIP
OF MILLBURN ZONING BOARD
OF ADJUSTMENT,

     Defendants-Respondents,

and

FLAMINGO BUILDERS, LLC,

     Defendant.

_____

Argued January 15, 2019 – Decided March 12, 2019

Before Judges Rothstadt, Gilson, and Natali.

On appeal from Superior Court of New Jersey, Law Division, Essex County Docket Nos. L-5569-14 and L-7701-16.

Patrick J. Dwyer argued the cause for appellant (Nusbaum, Stein, Goldstein, Bronstein & Kron, attorneys; Patrick J. Dwyer, on the briefs).

Robert F. Simon argued the cause for respondents Douglas Miller and Beth Miller (Herold Law, PA, attorneys; Robert F. Simon and Arjun D. Shah, on the brief).

Gail H. Fraser argued the cause for respondent Township of Millburn Zoning Board of Adjustment (Gail H. Fraser, attorney, join in the brief of respondents Douglas Miller and Beth Miller).

PER CURIAM

These two appeals arise out of challenges to zoning variances granted to defendants by the Township of Millburn Zoning Board of Adjustment (Board) to allow defendants to build a residential home on an undersized, vacant piece of property. Plaintiff Alan Vinegrad, a neighbor, appeals from the Law Division's two final orders and judgments rejecting his challenges to the Board's approvals issued in resolutions dated July 7, 2014, and October 24, 2016. We affirm. The Board acted within its authority, there was substantial evidence in the record supporting its discretionary decisions, and we find no errors in the application of the relevant principles of land use law.

## I.

In September 2013, defendants Douglas and Beth Miller (the Millers) filed an application with the Board seeking zoning variances to allow them to build a single-family home in Millburn. The property fronts on Brookside Drive and is located in an area zoned for single-family residences (the Property). At the time that the Millers made their application in 2013, the Property was vacant, was owned by defendant Flamingo Builders, LLC, and the Millers had a contract to purchase the Property.

The Property is located in a zoning district that required a minimum lot area of 14,500 square feet, a minimum lot width of 75 feet, and a minimum lot depth of 125 feet. The Property is undersized; its area is under 7000 square feet, with approximately 60 feet of width and 110 feet of depth. The Property is also steeply sloped, with an approximately 40-foot elevation change from the front to the rear of the property. Accordingly, the Millers sought a number of variances, including variances from the lot size, setback and coverage, slope disturbance, and maximum height elevation requirements.

Between December 2013 and May 2014, the Board conducted four hearings on the Millers' 2013 application. During those hearings, the Board heard testimony from Douglas Miller, who is a licensed architect, and a number

of experts. The Board also reviewed various site and architectural plans, including the architectural drawings of the Millers' proposed home.

Plaintiff, who owns the lot behind the Property, participated in those hearings and objected to the Millers' application. As part of his objections, plaintiff called various experts and submitted alternative plans that would have allowed for construction of a home, but with fewer variances.

In March 2014, while their 2013 application was pending before the Board, the Millers sent offers to all abutting property owners, including plaintiff. The offers proposed either to purchase a portion of the abutting properties or to sell the Property at fair market value. No abutting property owner accepted either offer.

On July 7, 2014, the Board adopted a resolution granting the variances requested in the Millers' application. The Board's eighteen-page resolution identified the materials and documents it considered, discussed the witnesses who had presented testimony, and summarized the reasons for the approval. The Board then granted a number of zoning variances to allow the Millers to build a home. The variances were conditioned on the Millers adhering to the architectural plans they had submitted to the Board.

A-0896-15T2

In August 2014, plaintiff filed a complaint in lieu of prerogative writs challenging the Board's 2014 resolution. Plaintiff contended that the Millers had failed to satisfy the requirements of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. Specifically, plaintiff argued that his alternate proposals showed that the Millers' application failed to satisfy N.J.S.A. 40:55D-70, and the Board's decision was unreasonable, arbitrary, and capricious.

The Millers and the Board filed answers. Thereafter, the trial court considered the arguments presented, and on September 15, 2015, the court issued a final order and judgment finding that the Board's 2014 resolution was supported by substantial evidence in the record and was not arbitrary, capricious, or unreasonable. The court also issued a written opinion on August 12, 2015, explaining the reasons for its rulings.

The court found that the Board had carefully considered the requirements of the MLUL and, in particular, N.J.S.A. 40:55D-70. Thus, the court found that the Board's conclusion that the Millers satisfied the positive and negative criteria warranting relief under N.J.S.A. 40:55D-70(c) and (d) was supported by substantial, credible evidence. In that regard, the court noted that the Board had determined that the Millers proved undue hardship concerning the undersized lot area. The court also pointed out that the Board's finding of exceptional

circumstances warranting variance relief was supported by the record. Turning to the issue of the Millers' proposed elevation for their home, the court found that the Board had acted within its discretion and its decision was supported by substantial, credible evidence in the record.

In October 2015, plaintiff appealed from the September 15, 2015 final order and judgment. That appeal was assigned Docket No. A-0896-15. While that appeal was pending, defendants learned of a mistake in their original application.

In their application in 2013, the Millers identified the Property as consisting of 6641 square feet. A subsequent title search, however, revealed that approximately 313 square feet had been conveyed to the Township as part of a right-of-way along Brookside Avenue. Accordingly, the Millers revised their architectural plans to preserve the percentage of variance relief granted to them, and in 2016, they filed an amended application with the Board.

The Board held a hearing on August 15, 2016. Plaintiff appeared through counsel and argued that the 2016 application was an application for new variances, the Board should reconsider all the issues, and the Millers were obligated to again offer to sell the Property to plaintiff. The Board disagreed and, on October 24, 2016, it issued a resolution ratifying and incorporating the

6

2014 resolution and amending the conditions to reflect the Millers' new home design.

Thereafter, plaintiff filed a second complaint in lieu of prerogative writs challenging the 2016 resolution. The same trial judge considered the second prerogative writs action. Plaintiff argued that the 2016 application and the 2013 application concerned different properties and, therefore, the variances granted in the 2014 resolution could not apply to the Property. Plaintiff also argued that the Board did not have the power to "ratify" its previously-granted variances. Finally, plaintiff argued that the Millers lacked standing in the 2013 application, and the Board, therefore, lacked jurisdiction to issue the 2014 resolution because the Millers did not own the entire Property.

In a final order and judgment, filed on November 29, 2017, the trial court rejected those arguments and found that the Board's 2016 resolution was supported by substantial, credible evidence in the record and its determinations were not arbitrary, capricious, unreasonable, or contrary to the law. The court explained the reasons for its rulings on the record on November 14, 2017. In essence, the court found that the 2016 application was a request for a modification of the condition concerning the architectural drawings. The court

found that both the 2013 and 2016 applications involved the same Property and, accordingly, the Board had acted appropriately in issuing the 2016 resolution.

Plaintiff also appealed from the November 29, 2017 order and judgment. That appeal was docketed under No. A-1844-17. We had stayed the first appeal pending resolution of the second action in lieu of prerogative writs. Thereafter, we ordered that both appeals be calendared back-to-back before the same panel of judges. We now issue this consolidated opinion addressing both appeals.

II.

The two appeals brought by plaintiff seek to challenge local land use zoning variances granted by the Board. Accordingly, we initially identify our limited scope of review. Zoning board decisions "enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002)). Accordingly, "courts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law." Lang v. Zoning Bd. of Adjustment, 160 N.J. 41, 58-59 (1999).

8

The party challenging the action of a zoning board carries the burden of demonstrating that the Board acted arbitrarily, capriciously, or unreasonably. Ten Stary Dom P'ship v. Mauro, 216 N.J. 16, 33 (2013) (citing Smart SMR of N.Y., Inc. v. Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998)). "A board acts arbitrarily, capriciously, or unreasonably if its findings of fact in support of a grant or denial of a variance are not supported by the record, or if it usurps power reserved to the municipal governing body or another duly authorized municipal official." Ibid. (citations omitted) (first citing Smart SMR of N.Y., Inc., 152 N.J. at 327; then citing Leimann v. Bd. of Adjustment, 9 N.J. 336, 340 (1952)). "Even when doubt is entertained as to the wisdom of the [board's] action, or as to some part of it, there can be no judicial declaration of invalidity in the absence of clear abuse of discretion[.]" Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965).

## III.

On appeal, plaintiff makes two primary arguments. First, he contends that because the 2013 application mistakenly included a portion of the Township's right-of-way as part of the Property, that application was defective. Thus, as subparts of this first argument, plaintiff contends that (1) the Millers lacked standing to make the 2013 application because they did not own the entire

Property; (2) the Board lacked jurisdiction to grant the variances because of that mistake; (3) the Millers were not a "developer" as required by the MLUL; (4) the Millers were required to reoffer the Property for sale to plaintiff in 2016; and (5) the variances granted in 2014 do not apply to the 2016 application.

Second, plaintiff asserts that the Board acted arbitrarily, capriciously, and unreasonably in granting the variances to the Millers. As subparts of that second argument, plaintiff maintains that (1) the Millers failed to carry their burden of proof; (2) the Millers failed to prove the positive criteria for the variances; (3) the Millers failed to prove the negative criteria for the variances; and (4) the Board failed to properly weigh the negative criteria. We are not persuaded by either of these arguments or any of their subparts. We will address the arguments in two analyses.

## A.

The Property is designated as Lot 12, Block 1303 on the Millburn tax map. That property was the subject of both applications made by the Millers to the Board in 2013 and 2016. In 2013, however, the Millers mistakenly described the lot as consisting of 6641 square feet. A title search conducted thereafter disclosed that a strip of land along Brookside Drive, consisting of approximately 313 square feet, had been conveyed to Millburn Township as part of the right-

of-way for Brookside Drive. Accordingly, the actual size of the lot was approximately 6328 square feet.

To account for that mistake, the Millers revised their architectural plans and filed an amended application with the Board in 2016. The Board then considered that amended application, held a hearing, considered the objections and arguments raised by plaintiff, and found that the 2013 application mistakenly included the Township's right-of-way, but that mistake did not have a material impact on any of the variances that were granted to the Millers. Indeed, the Township's right-of-way was not part of the land that was being developed. The only impact of the Township's right-of-way was to cause the Millers to reduce the size of their proposed home.

The MLUL defines an applicant as "a developer submitting an application for development." N.J.S.A. 40:55D-3. A "developer" is then defined as "the legal or beneficial owner or owners of a lot or of any land proposed to be included in a proposed development, including the holder of an option or contract to purchase, or other person having an enforceable proprietary interest in such land." N.J.S.A. 40:55D-4.

The MLUL authorizes the Board to grant variances from zoning ordinances when "the developer of such property" can demonstrate that the

property is "exceptional[ly]" narrow, shallow, or otherwise shaped, or has "exceptional topographical conditions" or there is an "extraordinary and exceptional situation uniquely affecting a specific piece of property[.]" N.J.S.A. 40:55D-70(c)(1).

The MLUL does not state that the applicant or developer must be the legal or beneficial owner of all the land; rather, the statute provides that the applicant or developer must have a proprietary interest in "any land proposed to be included in a proposed development." N.J.S.A. 40:55D-4. Accordingly, under the facts of this case, we reject plaintiff's argument that the Millers did not own the property that was the subject of the 2013 application. We also reject plaintiff's arguments concerning the Millers' lack of standing, the Board's lack of jurisdiction, the Millers' requirement to reoffer the Property for sale to plaintiff, and the arguments that the variances granted in 2014 do not apply to the 2016 application. The Board acted within its authority in treating the mistake as just that—an innocent mistake.

## B.

Plaintiff's remaining arguments are all addressed to the variances granted by the Board. In rejecting plaintiff's arguments in the first prerogative writs action, the trial court issued a well-reasoned written opinion. In that opinion,

12

the court analyzed the arguments plaintiff iterates on this appeal.  We reject those arguments for the reasons set forth in the trial court's written opinion issued on August 12, 2015.

Plaintiff's arguments that the Board acted outside its authority, or arbitrarily, capriciously, or unreasonably in issuing the modified variances in 2016 lack sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13                                                                                    A-0896-15T2